**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CASE NO: 1:07-CV-197**

**ENERGISTICA, S.A.**                                         **PLAINTIFF**

**V.**

**WILLIAM E. ALLEN, ET AL.**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Plaintiff for a preliminary injunction.[1]  Plaintiff Energistica, S.A. seeks relief through a preliminary injunction with respect to its claim that the Defendants have misappropriated payments derived from an oil venture.  A preliminary injuction hearing was held in this matter on December 11, 2007. Testimony via telephone was heard from both Livingston Davies, president of Energistica, and William E. Allen, shareholder of Energistica and a named Defendant in this action.  John Burness was present with counsel for himself and JWB Holdings, LLC (collectively "Burness").  Fully briefed and argued, this matter is ripe for decision.  For the reasons set forth below, the motion by Energistica for a preliminary injunction is DENIED [DN 4].

---

[1]   The Plaintiff actually submitted a motion for a temporary restraining order. However, since notice was given to the Defendants, the Court has considered this as a motion for a preliminary injunction.

## I. Facts

Plaintiff Energistica is a corporation that invests in oil ventures. Energistica is jointly and equally owned by Livingston Davies and William E. Allen. Davies is the president of Energistica. William E. Allen serves as the vice president, although on November 10, 2007, Davies informed Allen that he no longer serves as vice president. Both Davies and Allen continue to be directors of Energistica.

The current conflict relates to the rights to an oil well in Adair County, Kentucky. The property on which the well sits is owned by Danny and Darla Burris. The well at issue in this case was drilled in October, 2007. In Spring of 2007, Defendant Burness, who drills and operates oil wells, became interested in the Burris property and believed that oil would be found on the property. Burness did not want to lease the Burris property's oil rights himself, and he contacted Energistica to see if it was interested in launching an oil drilling venture there. When Burness dealt with Energistica, Allen was his contact person.

Energistica obtained an oil and gas lease covering the Burris property. In exchange for Burness locating the Burris property and bringing it to the attention of Energistica, Allen, on behalf of Energistica, executed an Assignment granting Burness a 16% overriding royalty on all oil and gas produced from the Burris property. Allen testified that Davies had agreed to assignment to Burness, but Davies testified otherwise.

Burness' drilling company, Petrotech, drilled the first well on the property. Prior to drilling, Allen, again purportedly on behalf of Energistica, assigned Burness an additional 8% working interest in and to the Burris Well #2 to be drilled on the property. According

2

to Allen, this assignment was made in exchange for monies owed to Burness by Energistica. In mid-October, drilling began and the Burris Well #2 proved successful.

Energistica now brings suit alleging the assignments to Burness were fraudulent. Energistica alleges that Allen lacked the authority to execute the assignments. Davies testified that Burness should have known that Allen lacked authority to execute the assignments. The Defendants respond that Allen had both apparent and actual authority to execute the assignments, and notes that in previous legal dealings between the parties Allen was described as an "authorized representative of Energistica, S.A."

Energistica requests a preliminary injunction ordering that all revenues from the Burris Well #2 be held in escrow, pending the determination of whether Burness's assignments are valid and whether fraudulent conveyances took place.

## II. Preliminary Injunction Standard

A preliminary injunction is an extraordinary remedy that is used to preserve the status quo between parties pending a final determination on the merits of the action. In determining whether to issue a preliminary injunction, the Court must consider four factors: (A) the moving party's "likelihood of success on the merits;" (B) "the irreparable harm which could result" to the movant without the relief requested; (C) "the possibility of substantial harm to others;" and (D) "the impact on the public interest." Schenck v. City of Hudson, 114 F.3d 590, 593 (6th Cir.1997). "It is important to recognize that the four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied. These factors simply guide the discretion of the court;

3

they are not meant to be rigid and unbending requirements." <u>In re Eagle-Picher Industries, Inc.</u>, 963 F.2d 855, 859 (6th Cir.1992) (citations omitted).  A party "is not required to prove his case in full at the preliminary injunction" stage. <u>Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.</u>, 119 F.3d 393, 400 (6th Cir.1997).  Thus, the findings of fact and conclusions of law of a district court are not binding at a trial on the merits. <u>Id</u>.

### III. Discussion

Each factor of the preliminary injunction standard will be addressed in turn.

### A. Energistica's Likelihood of Success on the Merits

The first factor to consider is whether Energistica is likely to prevail on the merits in this case.  See <u>Schenck</u>, 114 F.3d 590 at 593.  Energistica argues that the assignments to Burness by Allen were fraudulent and otherwise constitute corporate waste, making the assignments void.  Energistica argues that because Allen's actions served no corporate interest, it will prevail in this matter.  The Defendants respond by noting that the bulk of Energistica's argument is premised upon Allen's alleged lack of authority to enter the assignments to Burness, and that the argument will fail.

Because this Court's jurisdiction is premised on diversity of citizenship, Kentucky substantive law controls. <u>Beams v. John Hancock Mut. Life Ins. Co.</u>, 325 F.2d 887, 888 (6th Cir. 1964).  Kentucky law provides that when a principal places one in a position of authority, anyone dealing with that person of authority is justified in believing that he holds the authority related to that position, unless the contrary is made known. <u>Tennessee Gas & Transmission Co. v. Cooke</u>, 306 Ky. 160, 167; 206 S.W.2d 491, 494 (1947).  A corporation

4

is required to honor agreements made by corporate officers when the officer has been held out as authorized to represent the corporation. Har-Bel Coal Co. v. Asher Coal Min. Co., 414 S.W.2d 128, 130 (Ky. 1966). Defendants submit that Allen was held out as authorized to do business for Energistica, and that therefore Energistica must honor the agreements made by Allen.

While the merits of the matter are unclear, there is substantial evidence in the record to indicate that Allen had the authority to enter the agreements which he made. For a preliminary injunction to issue, there should be a strong likelihood that the Plaintiff will prevail on the merits. McPherson v. Michigan High School Athletic Ass'n, 119 F.3d 453, 459 (6th Cir. 1997). While Energistica may still prevail in this matter, there is substantial question as to whether Energistica can effectively show that Allen was not authorized to act in the manner that he did, or that Burness should have known of Allen's lack of authorization. The likelihood of success on this matter does not appear to be substantial, therefore a preliminary injunction is not warranted.

Further, the Defendants submit that regardless of Allen's authority or actions, this suit will not prevail because Energistica did not have corporate authorization to file suit. Before a corporation may file suit, the corporation must obtain the authorization of the board of directors. Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 101 (1991), quoting Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 530 (1984)("the decisions of a corporation– including the decision to initiate litigation–should be made by the board of directors or the majority of shareholders"). While Davies has purportedly removed Allen as a corporate

officer, Allen still owns a 50% interest in Energistica and possesses one of only two votes from the board of directors.  It is clear that Allen did not authorize Energistica to sue himself, thus raising the question of whether this suit is legitimately brought.  This question, in addition to the matter of Allen's authority, loom large enough to cast doubt upon Energistica's ability to prevail in this matter.

### B. Irreparable Harm

The second issue for the Court's consideration is whether the failure to issue an injunction will cause irreparable harm to Energistica.  See Schenck, 114 F.3d 590 at 593.  A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992).  The Sixth Circuit has held that an action which puts an injured party's reputation at risk may lead to "irreparable harm." Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc., 453 F.3d 377, 382. (6th Cir.2006). "An injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. In general, ....injury to reputation (is) difficult to calculate."  United States v. Miami University, 294 F.3d 797, 819 (6th Cir.2002)(internal citation omitted).

Energistica submits that if a preliminary injunction is not issued, it will likely have no recourse to reclaim the oil profits currently being paid to Burness and Allen.  Energistica further submits that a preliminary injunction is warranted to prevent disruption of Energistica's business operations and to allow Energistica to maintain its corporate goodwill. Energistica has submitted little evidence, however, to establish how the failure to enter a

preliminary injunction will harm Energistica's business operations or corporate goodwill. Thus, the Court is left to consider only the financial harm to Energistica should it later be unable to recoup any funds that it could be awarded.

Generally, a temporary restraining order is not to be issued merely to ensure that sufficient assets of a defendants are available to satisfy a judgment. Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). As a temporary restraining order is not to be issued to ensure assets are available to satisfy a judgment, the same is true of the preliminary injunction, a close relative of a temporary restraining order. Energistica has not submitted evidence to overcome the general rule that preliminary injunctions should not issue merely to hold funds for dispersal upon judgment.

### C. Possibility of Harm to Others

The third factor for consideration is the possibility of substantial harm to those other than Energistica if an injunction were issued. See Schenck, 114 F.3d 590 at 593. Energistica proffers that a preliminary injunction carries no risk of significant harm to the Defendants and merely maintains the status quo. In response the Defendants argue that Burness will be injured if he is forced to go without many thousands of dollars allegedly due to him while the funds remain escrowed. The parties agree that Burness is due some money, the issue is a matter of how much is owed.

The Defendants submit that if Burness's money is held in escrow, rather than being timely issued, he will incur damage. The Defendants also submit that Energistica, and its owners, Davies and Allen, will be harmed if profits are escrowed rather than timely issued.

Further, the drilling of additional wells on the Burris property is scheduled. Per the settlement of another law suit, Energistica has a limited period of time in which it can drill the scheduled wells. The opportunity to drill will be lost if not completed in a timley manner. The Defendants submit that the escrowing of funds could interfere with Energistica's planned drilling, thus harming all parties. Considering all arguments, the Court foresees a reasonable possibility of harm to both Defendants and Plaintiff if a preliminary injunction were issued here.

### D. Impact on the Public Interest

The final factor for consideration is whether an injunction will impact the public interest. See <u>Schenck</u>, 114 F.3d 590 at 593. Energistica submits that it is in the public interest to prevent the unlawful actions of Allen and Burness and facilitate the orderly dispersal of oil revenues by holding the Burris well revenues in escrow. The Defendants submit that this is a private contractual issue and that no public interest will be served by the issuance of a preliminary injunction. While there could be a small public interest in the resolution of this matter, that small interest does not counter the other factors which indicate that a preliminary injunction should not issue in this case.

## IV.  Conclusion

For all the foregoing reasons, it is hereby ordered that Energistica's request for a preliminary injuction is DENIED [DN 4].

cc: counsel of record